## Brandt v. Chuba

*Alexander H. Lindsay,* for plaintiff.

*Jane Ann Thompson,* for defendant Michael G. Chuba.

*Cathie J. Fagan* and *Thomas W. King,* for defendant Butler Area School District.

KIESTER, *S.J., Specially Presiding,* August 27, 1991—This case is before the court on the motion for summary judgment filed on behalf of defendant Butler Area School District.

The cause of action is now limited to a complaint for deprivation of civil rights under 42 U.S.C. 1983.

"§1983. *Civil action for deprivation of rights*

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States òr other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of

Columbia." (R.S. §1979; Dec. 29, 1979, P.L. 96-170 §170 §1,93 Stat. 1284).

There is a large volume of annotations to this federal statute. Counsel for the parties have submitted a number of cases as supportive of their respective positions. The court has not found that any of the cases are factually directly in point with the facts pled, deposed and presented to this court.

## ISSUE

Was there a lack of standards and guidelines and if so, did this constitute reckless or deliberate indifference by Butler Area School District in its duty to protect plaintiff and was this a substantial factor in causing injury to plaintiff, depriving her of constitutional rights under 42 U.S.C. 1983?

## BRIEF SUMMARY OF FACTS

Extensive depositions of the principal witnesses in this case have been taken by counsel and were made available to the court. In general there is agreement as to the facts.

Plaintiff in 1984 at age 14 in the ninth grade at Butler Intermediate High School was enrolled in a history class taught by defendant Chuba. The acquaintanceship and affair began at this time with the first sexual encounter occurring at the Chuba home in February 1985. Between February of 1985 and December 1987, plaintiff had approximately 15 sexual experiences with defendant Chuba plus the sexual fantasy letters which defendant Chuba requested and plaintiff wrote to him beginning about the Christmas Holiday period in 1984.

Plaintiff graduated from Butler High School in 1988 without directly telling anyone that she was having sex with defendant Chuba.

At school there were many meetings between plaintiff and defendant Chuba. A fellow teacher, Charles B. Tomkins, in 1979-80 knew that there was an affair/relationship between plaintiff and defendant Chuba. He obliquely discussed it with both of them.

Plaintiff accompanied defendant Chuba to a Rax Restaurant. Mr. Tomkins was present together with several other teachers, a guidance counselor and a member of the administrative staff. Plaintiff and defendant Chuba left together in his car to his residence. This occurred during plaintiff's senior year (fall of 1987).

Plaintiff had discussions with a secretary in the guidance office about her "crush" on defendant Chuba and that she was dating him and visiting him at his home.

On the record there is a description of an incident in 1978-1979 about an affair defendant Chuba was having with a 15-year-old student. An assistant principal discussed the matter with defendant Chuba and transferred the girl from the defendant's homeroom. This occurred in the Fall of 1978 and Spring of 1979. (After the warning defendant Chuba had sex with the girl). This incident was not noted on the personnel file of Mr. Chuba.

## DISCUSSION

It is not disputed that a public school teacher by his or her conduct in the classroom and community has a duty to conduct himself or herself in a moral and socially acceptable manner. Society demands/

requires a school teacher to set a good example for the children in his or her care.

It is the responsibility of the public school system to insure that its employees are qualified to perform the services for which the person has been employed; that the employee will not take advantage of his or her authority by violating community standards and morally and otherwise injuring children.

The purpose of the due process clause of the U.S. Constitution was to protect individuals from the state.

A child, 14 years of age is required by law to attend school in Pennsylvania. Every parent, guardian or person in parental relation is subject to penalties for violation of compulsory attendant requirements. 24 P.S. 13-1327, 13-1333, etc.

Under a compulsory school attendance law a school district has a duty to protect a child from improper conduct and sexual abuse by its teachers and other employees. There exists a special custodial relationship between the school district and the child. The employees of the school district are authority figures as to the child in school. The school teacher has the duty and the authority to maintain discipline and to grade the work and performance of the child in the classroom. A school teacher may be the most important authority personality in the life of some children. This is particularly true where the parents have problems and there is little or no guidance and discipline in the home. It is important in the development of the child that the teacher meet high moral standards and be above reproach on and off the job. The teacher must have a good reputation and have the respect of the school children. Children do not take long to learn

the strengths and weaknesses of the teachers and others in the system.

Plaintiff argues that Butler Area School District had no written guidelines about complaints or evidence of inappropriate behavior that might indicate or lead to sexual relationships between school employees and students. After reviewing the voluminous Butler Area School District guidelines, attached to the brief of the school district, the court agrees that the district had no written guidelines relative either to appropriate or inappropriate behavior between teacher and student and the reporting of inappropriate behavior.

The defendant school district has attached to its brief exhibit "G," a lengthy document "Statutory Basis for Teacher Dismissals." It is incomplete and undated. Plaintiffs state that this document post dated the relationship that is the subject of this litigation.

Plaintiffs attached as exhibit "C1," "Guidelines for Employees/Adult/Student Relationships." These September 17, 1990, guidelines do outline mandated procedures for employees to follow involving *"every* allegation of improper employee-student relationship." The failure of the school district to have in place the 1990 standards and procedures at the time of the seduction of plaintiff is part of the basis for this cause of action.


## CONCLUSIONS

It is within the province of a jury to hear all the evidence and decide what constitutes improper conduct by a public school teacher.

It is for a jury to decide if Butler Area School District had promulgated and communicated to employees what constitutes improper conduct.

It is for a jury to decide if there was a duty by school employees to report to school authorities the relationship between plaintiff and defendant Chuba of which they were aware.

It is for a jury to decide if there was "reckless or deliberate indifference" by Butler Area School District under 1983 thereby depriving plaintiff of her constitutional right to protection.

If a jury finds that there was "reckless or deliberate indifference" by Butler Area School District the jury would then have to determine whether the same was a substantial factor in causing injury to plaintiff.

It is clear that plaintiff was the victim of crimes committed by defendant Chuba. It is not clear that there was or was not "reckless or deliberate indifference" by Butler Area School District to improper conduct by defendant Chuba and it is not clear that if there was "reckless or deliberate indifference" it was a substantial factor in causing injury to plaintiff.

The pleadings, depositions and record fail to establish as a matter of law that defendant Butler Area School District is entitled to summary judgment.

## ORDER OF COURT

And now, August 27, 1991, the motion of Butler Area School District for summary judgment is denied.